## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| COREY T. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-4330 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, JOHN DOE 1, and JOHN DOE 2, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff COREY T. WRIGHT, by and through his attorneys, ED FOX & ASSOCIATES, LTD., brings this Complaint against Defendants CITY OF CHICAGO, JOHN DOE 1, and JOHN DOE 2, alleging as follows:

## JURISDICTION AND VENUE

1. The cause of action arises under 42 U.S. Code § 1983.

2. This Court has jurisdiction under 28 U.S.C. § § 1331, 1343, and 1367.

3. The venue is proper under 28 U.S.C. § 1391 because the acts complained of arose in this District.

## PARTIES

4. At all times relevant, Plaintiff COREY T. WRIGHT ("Plaintiff") was a citizen of the United States of America and within this Court's jurisdiction.

5. At all times relevant, Defendants JOHN DOE 1 and JOHN DOE 2 (collectively "Defendant Officers") were police officers in the Chicago Police Department. Defendant Officers acted under color of state law and within the scope of their employment. Defendant Officers are being sued in their individual capacities.

6.      At all times relevant, CITY OF CHICAGO ("Defendant City") was a political division of the State of Illinois and served as the employer of Defendant Officers. Defendant Officers acted as representatives, employees, and/or agents of Defendant City. Under the doctrine of *respondeat superior*, Defendant City bears liability for all state law claims committed by their representatives, employees, and agents acting within that scope.

## FACTUAL ALLEGATIONS

7.      On April 2, 2025, Plaintiff was lawfully inside his vehicle near 103rd Street and Halsted Street in Chicago, Illinois.

8.      Defendant Officers drove past Plaintiff and looked at him.

9.      Plaintiff exited his vehicle and went inside a convenience store.

10.      Plaintiff exited the convenience store and went back inside his vehicle.

11.      Plaintiff drove North on Halsted Street.

12.      Defendant Officers made a U-turn and started following Plaintiff.

13.      Defendant Officers activated the emergency lights on their police vehicle near 99th Street and Halsted Street.

14.      Plaintiff immediately pulled over.

15.      Defendant Officers approached Plaintiff's vehicle on each side and asked for his driver's license and insurance.

16.      Plaintiff complied and provided his driver's license and insurance.

17.      Plaintiff asked why Defendant Officers conducted a traffic stop.

18.      Defendant Officers said they stopped him because they saw him texting and driving.

2

19.     Plaintiff did not text and drive.

20.     Defendant Officers did not see Plaintiff texting and driving.

21.     There was no legal justification to conduct a traffic stop on Plaintiff.

22.     Defendant Officers returned Plaintiff his documents and allowed him to leave without issuing any traffic tickets.

23.     As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation, indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

24.     The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

25.     Because of the actions and/or omissions mentioned above by Defendant Officers, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that they might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees under any relevant provision set by law.

## COUNT I
## WRONGFUL DETENTION IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

26.     Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-five (25) as though fully set forth at this place.

27.     Defendant Officers wrongfully detained Plaintiff without legal justification, causing him to suffer emotional, financial, and other injuries. Through this conduct, Defendant Officers deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder.

28.     Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

**COUNT II**
**FALSE IMPRISONMENT IN VIOLATION OF ILLINOIS LAW**

29.     Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-five (25) as though fully set forth at this place.

30.     Defendant Officers intentionally imprisoned Plaintiff without legal justification, causing him to suffer emotional, financial, and other injuries. Through this conduct, Defendant Officers committed false imprisonment under Illinois law.

31.     Therefore, Defendant City is liable for false imprisonment under Illinois law under the doctrine of *respondeat superior*.

**PRAYER FOR RELIEF**

32.     Defendants shall pay general damages, including emotional distress.

33.     Defendants shall pay special damages.

34.     Defendants shall pay Plaintiff's attorney's fees.

35.     Defendant Officers shall pay punitive and exemplary damages.

36.     Defendants shall pay the costs of the suit herein incurred.

37.     Plaintiff shall have such other and further relief as this Court may deem just and proper.

Dated: April 21, 2025

Respectfully submitted,

*/s/ Peter T. Sadelski*
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
118 N. Clinton St., Ste. 425
Chicago, IL 60661
(312) 345-8877
petersadelski@efoxlaw.com
*Attorney for Plaintiff*